UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAYDEN CAPRICE M.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration,[2]<br>        Defendant. | Case No. 1:23-cv-00020-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her applications for disability and disability insurance benefits and supplemental security income. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On October 8, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and Title XVI application for supplemental security income, alleging disability beginning on September 20, 2017. (AR 23). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on September 21, 2021, before Administrative Law Judge (ALJ) Wynne O'Brien-Persons. (AR 23).[3]

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on October 8, 2021, finding Plaintiff not disabled. (AR 23-37). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the alleged disability onset date, Plaintiff was twenty-six years of age. Plaintiff is a high school graduate with past relevant work experience as a census worker, meat clerk, and store laborer. (AR 34-35). Plaintiff claims disability due to physical and mental impairments including post-traumatic stress disorder, anxiety, depression, obsessive-compulsive disorder ("OCD"), degenerative disc disease, spondylosis, irritable bowel syndrome, and acid reflux. (AR 379).

---

[3] The hearing was conducted with the consent of the Plaintiff via telephone video due to the Coronavirus Pandemic of 2019. (AR 23).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520 and 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 26). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: cervical dysfunction, anxiety, depression, and OCD. (AR 26). The ALJ found Plaintiff did not have medically determinable kidney stone or insomnia impairments, and concluded her irritable bowel syndrome, gastroesophageal reflux disease, dermatitis, and lumbar spine impairments to be non-severe. (AR 27).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 28). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for light work with the following conditions:

> [Claimant can] can stand for 45 minutes at a time. The claimant can occasionally climb ladders, ropes, or scaffolds. She can occasionally stoop or crawl. The claimant must avoid extreme exposure to extreme cold and extreme heat. She must avoid all exposure to artificial scents. She can tolerate occasional exposure to wetness. The claimant is limited to simple

**MEMORANDUM DECISION AND ORDER - 3**

routine tasks. She can occasionally interact with members of the public. She is limited to low stress work, defined as occasional changes in the work setting and no fast-paced production work.

(AR 30).

At step four, the ALJ found Plaintiff unable to perform any past relevant work. (AR 34). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as inspector and hand packager, office helper, and mail clerk. (AR 35-36). Therefore, the ALJ found Plaintiff not disabled. (AR 36).

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence of Michael Dennis, Ph.D. and Dave Sanford, Ph.D.

2. Whether the ALJ properly considered Plaintiff's subjective symptom statements.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

**MEMORANDUM DECISION AND ORDER - 4**

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

**1.     Medical Opinion Evidence**

Plaintiff contends the ALJ's finding that the opinions of state agency consultants Michael Dennis and Dave Sanford are persuasive is not based on substantial evidence in the record. (Dkt. 16 at 11). Defendant maintains the ALJ reasonably assessed the persuasiveness of the medical opinions based on their supportability and consistency with the record. (Dkt. 18 at 5).

**A.     Legal Standards**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ is not required to give deference to any medical opinion, including treating source opinions. 20 C.F.R. §§ 404.1520c and 416.920c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs no longer need to "provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion."). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors.

20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. §§ 404.1520 c(c)(1) and 416.920c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3) and 416.920c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

With the above considerations in mind, the Court now turns to the ALJ's

**MEMORANDUM DECISION AND ORDER - 6**

evaluation of the medical opinions.

### B. Dr. Dennis and Dr. Sanford's Opinions

Medical consultants Dennis and Sanford both provided a mental RFC assessment following a thorough review of Plaintiff's allegations and the medical records available at the time of the assessments. (AR 33). Dennis and Sanford opined that Plaintiff's ability to understand and remember detailed instructions was moderately limited. (AR 109, 145). Additionally, Dennis and Sanford found Plaintiff had moderate limitations in her ability to maintain attention and concentration for extended periods and with carrying out detailed instructions. (AR 110, 145). Dennis and Sanford explained their reasons for those limitations were that Plaintiff's anxiety and depression are well managed on her current medication, her activities of daily living are consistent with the opined limitations, and that Plaintiff reported difficulty with stress and changes in routine. (AR 109-10, 145-46). Both consultants concluded Plaintiff had moderate limitations in her ability to interact appropriately with the public, and explained that Plaintiff had increased anxiety at times, but that she lives with her boyfriend and two roommates, has normal mental status examination findings, and her activities of daily living support that finding. (AR 110-11, 146).  Dennis and Sanford also found Plaintiff had moderately limited adaptive limitations, due to depression, anxiety, and reported issues with changes in routine and stress which increases Plaintiff's OCD symptoms, including excessive handwashing. (AR 111, 146-47).

### C. The ALJ's Decision

The ALJ evaluated the opinions of Dennis and Sanford together, and found as

**MEMORANDUM DECISION AND ORDER - 7**

follows:

> I deem the prior administrative findings by Michael Dennis, PhD; and Dave Sanford, PhD, concerning the claimant having moderate limitations in her ability to interact with others, concentrate, persist, maintain pace, and adapt or manage herself, persuasive. Drs. Dennis and Sanford relied on the claimant's allegations of concentration, persistence, social interaction difficulties to support their opinions (Exhibits B3A – B4A & B7A – B8A). Additionally, Drs. Dennis and Sanford relied on the claimant's activities of daily living, the normal objective mental status examination findings, the abnormal mental status examination findings by Dr. Heckard, and the claimant's statements regarding doing well on her medication regimen in 2019 to support their opinions. I find more restrictive limitations are inconsistent with the normal mental status examination findings, the claimant's statements to medical providers, and the claimant's activities of daily living, discussed above.
>
> The medical consultants are non-treating, non-examining medical sources. Their opinions are based upon a thorough review of the available medical record and a comprehensive understanding of agency rules and regulations. I find these opinions internally consistent and well supported by reasonable explanation and the available evidence. As such, I find these opinions are persuasive. The undersigned notes, the experts did not adequately review the overwhelming majority of normal memory findings during the period at issue (Exhibits B4F/4, B5F/5, 8, 11, B6F/6, B8F/5, 11, 14, 17, 20, 23, 26, 29, 32, 35, B9F/7, 11, 14, 17 & 21). As a result, I find the claimant has mild limitations in her ability to understand, remember, and apply information. Moreover, a mild limitation in these areas of mental function is consistent with the claimant's activities of daily living.

(AR 33).

### D.   Analysis

The ALJ found the opinions of Dennis and Sanford to be mostly persuasive.[4]

---

[4] The ALJ did not find persuasive Dennis and Sanford's opinions that Plaintiff has moderate limitations in her ability to understand, remember, and apply information. Instead, the ALJ found mild limitations in these areas was more consistent with Plaintiff's activities of daily living and the majority of the normal memory findings during the period at issue. (AR 33). Plaintiff does not challenge this aspect of the ALJ's reasoning, and therefore has waived any claim of error. *See Carmickle*, 533 F.3d at 1161 n.2.

MEMORANDUM DECISION AND ORDER - 8

The Court finds that the ALJ considered the persuasiveness factors of supportability and consistency in her evaluation of Dennis and Sanford's opinions, as required under the regulations. (AR 33). The ALJ is required to articulate how persuasive she found the medical opinions and explain how she assessed the supportability and consistency factors in making that determination. *Woods*, 32 F.4th at 792. Here, although the ALJ does not appear to accurately use the term consistency in her findings, the Court is able to reasonably discern from the relevant paragraphs that the ALJ considered both factors — as evidenced by the ALJ finding both opinions were based on a thorough review of the available medical records, and that a greater level of limitation than that found in the opinions would be inconsistent with Plaintiff's normal mental status examinations, her statements to providers, and her activities of daily living. (AR 33); *See generally Woods*, 32 F.4th at 793 n.4.

The ALJ is not required to use "magic words" to evaluate the persuasiveness of a medical opinion, as long as the court can draw specific and legitimate inferences from the ALJ's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989); *Towne v. Berryhill*, 717 F. App'x 705, 707 (9th Cir. 2017) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (if the ALJ provides enough information that the reviewing court can draw reasonable inferences from the record in support of the ALJ's findings, then the ALJ's findings should be upheld). Here, the ALJ concluded the medical consultants' opinions were persuasive as they relied upon Plaintiff's subjective complaints, activities of daily living, and the numerous mental status examinations in the record, including the abnormal mental status exam of Dr. Heckard. (AR 33). The ALJ

**MEMORANDUM DECISION AND ORDER - 9**

found the agency doctors thoroughly reviewed Plaintiff's medical records that were available at the time of their evaluations and found their opinions to be internally consistent and well supported. (AR 33). The ALJ's reasoning here is easily discernable and supported by substantial evidence in the record. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ.") (citation omitted).

It was rational for the ALJ to conclude that Dennis and Sanford's opinions of Plaintiff's limitations were persuasive, especially as the ALJ found the opinions to be well supported and both doctors provided a reasonable explanation as to their opined limitations, relying on Plaintiff's activities of daily living, the objective mental status findings, and Plaintiff's statements to providers. *See Magallanes*, 881 F.2d at 755 (finding that where the ALJ did not recite the magic words when evaluating the medical opinion evidence, the reviewing court was not deprived of understanding the ALJ's intended meaning).

Plaintiff's arguments to the contrary are unavailing. Specifically, Plaintiff argues the ALJ's conclusion is deficient because "Plaintiff's OCD symptoms are well-supported by the record", and points to a treatment note in the record where her OCD was noted to be in poor control. (Dkt 16 at 13-14). However, both Dennis and Sanford's opinions discussed Plaintiff's OCD, and explicitly mentioned her excessive handwashing. (AR 111, 147). Both consultants found Plaintiff to have moderate adaptive limitations partly due to her OCD and her reported issues with changes in routine and stress. (AR 111,

147). Plaintiff does not explain what additional or greater limitations she alleges to have that the medical consultants did not consider. (Dkt. 16 at 13-14). Further, the ALJ found the limitations opined by the consultants to be well supported, and included limitations related to Plaintiff's OCD and excessive handwashing within her RFC. Additionally, that Plaintiff points to treatment notes where her OCD is found to be in poor control (AR 578) or where her mental status was found to be abnormal (AR 597) is not an adequate basis for remand, especially as the majority of Plaintiff's other mental status examinations were normal within the same time period. (AR 568-70, 575-77, 582-84); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Plaintiff may assert an alternative interpretation of the medical evidence, but she does not show that the ALJ's interpretation was error. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Based on the foregoing, the Court finds the ALJ properly evaluated the persuasiveness of Dennis and Sanford's opinions. The ALJ's reasoning and conclusion were supported by substantial evidence in the record, and therefore the ALJ did not err. Further, any error by the ALJ in addressing the supportability and consistency factors of both consultant's opinions was harmless. *See Molina*, 674 F.3d at 1115 (error is harmless when it is negligible to the non-disability determination).

2.  **Plaintiff's Symptom Statements**

Plaintiff next argues the ALJ failed to provide clear and convincing reasons to disregard her subjective symptom statements, and therefore the RFC is not supported by

substantial evidence. (Dkt. 16 at 5). Defendant contends the ALJ provided legally sufficient reasons to reject Plaintiff's statements and the ALJ's conclusion was supported by substantial evidence in the record. (Dkt. 18 at 2).

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ summarized Plaintiff's functional report where she alleged her symptoms of isolative behaviors, social anxiety, sleep disturbances, and fatigue limit her ability pay attention, follow instructions, handle stress, handle changes in her routine, and sleep properly. (AR 31, 379-80). The ALJ also discussed Plaintiff's testimony at the hearing where she stated her combined symptoms of feeling down, bouts of tearfulness, paranoia, mood swings, isolative behaviors, sleep difficulties, memory difficulties, concentration difficulties, fatigue, and feeling overwhelmed limit her ability to engage in work activity, social gatherings, and prepare meals. (AR 31).

Concerning Plaintiff's mental health impairments, the ALJ noted the claimant has a history of anxiety, depression, and OCD dating back to her childhood. (AR 32, 380, 528). Plaintiff has been treating her mental impairments with medication management and mental health counseling, yet she alleges her symptoms limit her ability to pay

**MEMORANDUM DECISION AND ORDER - 12**

attention, concentrate, remember, follow instructions get along with others, handle stress, and handle changes in her routine. (AR 32, 379). The ALJ observed that despite Plaintiff's mental health impairments, she was able to engage in a broad range of activities of daily living. (AR 31-32). While the ALJ found that some of Plaintiff's abnormal mental status examinations are somewhat supportive of her subjective complaints, she ultimately concluded that the combination of normal mental status exam findings, Plaintiff's statements to medical providers, and her activities of daily living lend more support to finding Plaintiff's ability to engage in mental activities in the work setting is as set forth in the RFC. (AR 32).

After summarizing Plaintiff's functional report and testimony, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 33). The ALJ further found that Plaintiff's mental impairments reasonably limit her ability to engage in mental activities in the work setting as set forth in Plaintiff's RFC, but more restrictive limitations are inconsistent with the objective medical evidence and Plaintiff's activities of daily living. (AR 32).

Here, the Court finds the ALJ provided clear and convincing reasons for rejecting Plaintiff's statements, namely, her inconsistency with the majority of the medical evidence, and her statements to her providers. *Smith v. Kijakazi*, 2022 U.S. App. LEXIS 19014, at *7 (9th Cir. 2022) ("Under the deferential standard of review for credibility

**MEMORANDUM DECISION AND ORDER - 13**

determinations, we generally leave it to the ALJ to determine credibility, while requiring that a finding that a claimant's testimony is not credible must be sufficiently specific to ensure that the ALJ did not arbitrarily discredit it.") (internal quotation marks omitted).

First, the ALJ observed that the majority of Plaintiff's mental status examinations found her to be cooperative, attentive, alert and oriented, with euthymic mood, normal speech pattern, normal thought process, intact memory, normal judgment, normal insight, and normal concentration, and the ALJ included citations to numerous records in support. (AR 32, 459-98, 539, 542, 545, 609, 612, 615, 618, 621, 624, 627, 643, 648-49, 652, 654-55, 658-59). The ALJ reasonably concluded that these records were inconsistent with Plaintiff's statements. The several mental status examinations cited to by the ALJ are inconsistent with Plaintiff's testimony that her symptoms limit her ability to pay attention, concentrate, remember, follow instructions, and get along with others. (AR 32). The ALJ properly explained her reasoning and offered more than mere conclusory assertions. The ALJ's interpretations of the evidence are at least equally rational to those offered by Plaintiff. *Morgan v. Comm'r of SSA*, 196, F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Second, the ALJ cited to medical evidence in the record where Plaintiff denied anxiety and depression symptoms to her provider, which the ALJ found to be inconsistent with Plaintiff's testimony. (AR 32, 568-70). Plaintiff argues the record cited by the ALJ is inconclusive because it also reports that Plaintiff has "mild depression". (Dkt. 16 at 6-7; AR 568). The Court finds the ALJ reasonably concluded that Plaintiff's subjective

**MEMORANDUM DECISION AND ORDER - 14**

symptom complaints were not fully consistent with medical evidence in the record. (AR 32, 570); *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (an ALJ may reject subjective symptom testimony that is inconsistent with the medical record). Although the record cited by the ALJ noted Plaintiff's mild depression, it was reasonable for the ALJ to interpret Plaintiff's denial of anxiety and depression symptoms in the same treatment note as being inconsistent with her statements of disabling symptoms caused by her mental health impairments. (AR 32); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (where the ALJ's interpretation of the evidence in the record is reasonable as it is here, it should not be second-guessed). Therefore, this was a proper, clear and convincing reason for rejecting Plaintiff's symptom statements. *Smartt*, 53 F.4th at 498 (stating an inconsistency between plaintiff's statements and medical evidence is a clear and convincing basis to discount symptom statements).

Third, the ALJ discounted Plaintiff's statements as inconsistent based on Plaintiff's testimony and functional report that she experienced side effects from her medications and her statements to providers where Plaintiff denied side effects. (AR 32). Plaintiff testified that some of her medication causes side effects, including sensitivity to light, blurred vision, and fogginess, (AR 58, 64), and stated in her functional report that her medication side effects included headaches, drowsiness, anxiety, and fatigue. (AR 386). However, as the ALJ identified, Plaintiff overwhelmingly denied medication side effect to providers. (AR 32, 458, 467, 470, 492, 570, 584, 665). The Court finds this inconsistency in Plaintiff's statements is a clear and convincing reason to reject her symptom testimony.

**MEMORANDUM DECISION AND ORDER - 15**

Plaintiff disagrees and cites to evidence of Plaintiff admitting medication side effects to providers attributed to Seroquel, Vistaril, and her oral contraceptive. However, a careful review of the record reveals that those were not the medications identified by Plaintiff in her functional report regarding the medication side effects she was experiencing. (Dkt. 16 at 10; AR 368). The ALJ reasonably found Plaintiff's description of her medication side effects at the hearing and in her functional report to be inconsistent with her numerous reports to providers denying side effects, or in discounting her testimony on that basis. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (an ALJ may consider a plaintiff's inconsistent or non-existent reporting of symptoms). This is a valid, clear and convincing basis to discount Plaintiff's symptom statements. *Smartt*, 53 F.4th at 498-99. Plaintiff's differing interpretation of the record is not a basis for remand. *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The Court agrees, however, with Plaintiff that several of the ALJ's findings in relation to her subjective statements were not sufficient reasons to discount Plaintiff's testimony. First, the ALJ specifically noted Plaintiff attending church and interacting with church members as a daily activity providing support for the ALJ's subjective symptom analysis. (AR 31). This finding is unsupported by the record. (AR 31). Plaintiff testified that she had received income or support from the church but says nothing of attending church services or interacting with other members. (AR 55). The medical records cited to by the ALJ also do not support the ALJ's finding regarding Plaintiff's church activities, as they mention only that Plaintiff "grew up LDS but has left the

**MEMORANDUM DECISION AND ORDER - 16**

church" and that she "has a history of financial assistance from her church." (AR 31, 458, 596, 644). The ALJ's reasoning here is not supported by substantial evidence and the Court finds this was not a permissible reason to reject Plaintiff's symptom testimony.

Second, the ALJ identified other activities of daily living that she found inconsistent with Plaintiff's statements concerning the severity and limiting effects of her symptoms. Specifically, Plaintiff's ability to handle her personal care independently, perform household chores, prepare meals, watch television, engage in social activities with friends, shop in stores, pay bills, handle a savings account, engage in craft activities, have a significant other, live with roommates, and read two books per month. (AR 31, 56, 380-86). The Court finds the ALJ's generalized summary of Plaintiff's daily activities fails to provide the requisite explanation of "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). As the ALJ did not explain "which daily activities conflicted with which part of [Plaintiff's] testimony," the ALJ erred. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Therefore, the Court finds these other of Plaintiff's daily living was not a clear and convincing reason to reject her symptom statements.

Nevertheless, because the ALJ provided numerous other valid reasons to reject Plaintiff's testimony that are supported by substantial evidence, even if these specific reasons are erroneous, the error is harmless. *See Carmickle*, 533 F.3d at 1162 (holding inclusion of erroneous reasons among other reasons to discount Plaintiff's credibility does not negate the validity of the overall credibility determination where an ALJ

**MEMORANDUM DECISION AND ORDER - 17**

provides other reasons supported by substantial evidence).

Further, the Court finds the ALJ reasonably accounted for Plaintiff's subjective complaints by finding them to be partially supported by the medical evidence and including functional limitations in the RFC that account for the limitations supported by the record. Notably, the ALJ concluded that some of the evidence in the record lends support to Plaintiff's subjective symptoms. (AR 32). Even so, the ALJ explained that the several normal objective findings in the medical record and Plaintiff's statements to providers rendered her complaints of disabling symptoms not wholly reliable. Thus, the ALJ reasonably assessed RFC limitations to account for Plaintiff's limitations that were supported by evidence in the record.

Plaintiff argues her OCD causes greater limitations than those found in the RFC. (Dkt. 16 at 6). The ALJ considered Plaintiff's mental impairments, including OCD, in assessing limitations in the Plaintiff's RFC, such as being limited to simple, routine tasks, only occasional interaction with the public, and low stress work. (AR 30). The ALJ also included limitations in the RFC relating to the physical symptom of her OCD, dermatitis of her hands due to excessive washing. (AR 30). During her testimony, Plaintiff remarked that her hands are weak, and stretching the skin of her hands causes them to crack, which worsens when exposed to cold too long or exposed to heat. (AR 60). The ALJ included an RFC limitation that Plaintiff must avoid exposure to extreme cold or heat, occasionally tolerate wetness, and avoid all exposure to artificial scents, as evidence in the record suggested artificial scents would exacerbate her dermatitis. (AR 30, 60, 450, 523). These physical limitations were also supported by the administrative findings of Dr. Song and

Dr. Vestal, which Plaintiff does not challenge. (AR 30, 125, 143-44). Ultimately, the Court finds the RFC assessment is supported by substantial evidence in the record and the ALJ's explanation and reasoning are rational.

## CONCLUSION

Based on the above, the Court finds the Commissioner's decision is supported by substantial evidence and reflects application of the correct legal standards. The decision will be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1)  The decision of the Commissioner of Social Security be **AFFIRMED**;

2)  Judgment be **ENTERED** consistent with the above in favor of Defendant.

DATED: February 26, 2024

Honorable Debora K. Grasham
United States Magistrate Judge